**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1288-22

CRAIG S. GIUNTA and
DEBORAH S. GIUNTA,

     Plaintiffs-Appellants,

v.

GAIL R. BERAN,

     Defendant-Respondent.

_____

Argued January 9, 2024 – Decided February 27, 2024

Before Judges Gooden Brown and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0641-19.

David A. Kasen argued the cause for appellants (Kasen & Kasen, PC, attorneys; David A. Kasen, on the briefs).

Shawn D. Edwards argued the cause for respondent (Maselli, Mills & Fornal, PC, attorneys; Shawn D. Edwards, of counsel and on the brief; Nicholas J. Loiodice, on the brief).

PER CURIAM

Plaintiffs Craig S. Giunta and Deborah S. Giunta appeal from the Law Division's November 18, 2022 order granting summary judgment to defendant Gail R. Beran and dismissing plaintiffs' complaint with prejudice.

I.

Defendant and her husband, Barry J. Beran, were both practicing attorneys. In October 2003, Barry[1] filed a Certificate of Incorporation forming G.I.B.J., Inc. with himself and defendant each as fifty percent shareholders, and then registered Beran & Beran[2] as an alternate name for the corporation. Ten days later, defendant transferred her shares of stock to Barry, who then owned one hundred percent of the company.

Defendant worked part-time as an attorney at Beran & Beran between 1986 and 2007 but left the firm to work full-time for the New Jersey Office of the Attorney General, where she was a Deputy Attorney General until 2014. She then worked for the New Jersey Department of Corrections from 2014 until her retirement in 2020. Defendant was aware the firm continued to be named Beran

---

[1] Where the parties or individuals have the same last name, we refer to them by their first names. No disrespect is intended.

[2] We recognize that, after defendant's departure from the firm, its name did not comply with Rules of Professional Conduct (RPC) 7.5(c) and (d). However, a violation of the RPCs does not establish a cause of action. See Estate of Barbuto v. Boyd & Boyd, 462 N.J. Super. 580, 591-92 (App. Div. 2020).

& Beran and testified at her deposition her husband retained the name "to honor" her.

In March 2011, plaintiffs retained Barry and Beran & Beran to represent them in filing a petition for bankruptcy to stop a tax sale certificate foreclosure of their home. Deborah found Beran & Beran after she looked through the phone book and realized the office was across the street from her home. Both the street sign in the firm's business complex and the exterior door to the office had Beran & Beran listed, along with Harvey M. Beran, who was Barry's brother and unaffiliated with the firm.

Plaintiffs attended an initial meeting with Barry, where they both signed a retainer agreement. During the meeting, Deborah asked Barry if defendant was a partner of Beran & Beran, to which Barry responded yes. Deborah did not ask whether defendant would be working on the case and assumed Barry would be handling it by himself. Deborah did not conduct any research on defendant before retaining Barry.

Deborah provided Barry with a retainer check made out directly to him. On August 1, 2012, plaintiffs were copied on a letter from Barry to the Camden County Sheriff's Office, wherein the letterhead only named Barry. Plaintiffs never met or spoke with defendant.

3

Plaintiffs' bankruptcy petition had to be filed by April 16, 2012 in order to prevent them from losing all ownership assets in their residential property. Barry failed to timely file the petition and on July 11, 2012, a final judgment was recorded, foreclosing all plaintiffs' rights in the property. On August 10, 2012, after receiving notice of the foreclosure, Barry filed the bankruptcy petition.

On July 10, 2014, plaintiffs filed a legal malpractice complaint against Barry and Beran & Beran. Defendant was not named in the complaint and neither Barry nor the firm filed an answer. On November 17, 2015, the court entered an order of final judgment by default against Barry and Beran & Beran in the amount of $128,771.41. Plaintiffs attempted to collect the debt but were unsuccessful in their efforts.

On February 18, 2019, plaintiffs filed a complaint against defendant alleging she, as an individual partner of Beran & Beran, was liable for the debts and obligations of the partnership. Plaintiffs sought the amount of the judgment plus post-judgment interest. Defendant was served with the complaint but did not file an answer, and the court entered default judgment on March 25, 2020. She then filed a motion to vacate, which was granted, and filed an answer.

4

Prior to the decision on appeal, the trial court denied defendant's motion for summary judgment in March 2021 and subsequent motion for reconsideration in May 2021 because it found there were issues of material fact. In October 2021, the court denied defendant's motion for a Lopez[3] hearing on the same grounds.

A year later, defendant filed a second motion for summary judgment. After reciting the undisputed facts, the court determined defendant was entitled to judgment as a matter of law. In reaching its decision, the court relied on Estate of Barbuto, 462 N.J. Super. at 588 as controlling:

> In that case, the evidence[] [at] trial established that defendant and W. Boyd were married. She left the firm after the second child was born. She worked part-time. Never worked full-time. The name changed from Boyd and Boyd to Boyd and Boyd, PC. Defendants never had a partnership agreement. And it never spoke—this defendant never spoke with and met the decedent; never performed any legal services [for] her. They were provided by the husband.
>
> And the [c]ourt indicate[d] there was just not enough there. Their conclusion was defendant is not liable as [a] purported partner unless plaintiff can establish that Barbuto relied on a representation defendant was a partner while she was employed . . . to provide legal services.

---

[3] See Lopez v. Swyer, 62 N.J. 267 (1973) (the applicability of a discovery rule is an issue for the trial court to decide on equitable principles outside the presence of the jury).

A-1288-22

In applying the holding in <u>Barbuto</u>, the court found:

> So, in essence, the biggest reliance placed by the plaintiff in this matter is . . . on the sign that said Beran [&] Beran. Now, it doesn't say partnership. And when you walk in the door there's also a Harvey Beran there. Common[]sense to me says that the sign is not enough. Otherwise, such esteemed deceased attorney such as Brown Connery could be responsible. That's what the law firm is called. Their name is out there. But they're absolutely not involved in a case.
>
> I just don't find that there is any material statement of fact in this matter. There's just no evidence that [defendant] . . . was purported to be partner. There's no reliance . . . that [plaintiffs] went because of her expertise. The husband and wife statement[4] came out on an affidavit after the depositions were taken.

This appeal follows, wherein plaintiffs raise the following issues for our consideration:

> I.   THE JUDGE BELOW ERRED WITH RESPECT TO RULING THAT [DEFENDANT] WAS NOT A PARTNER IN BERAN & BERAN.
>
> II.   FACTS AND ARGUMENTS WHICH SHOULD HAVE BEEN CONSIDERED BY THE COURT

---

4  In their opposition to defendant's motion, plaintiffs submitted a certification from Deborah that stated, "We felt very comfortable knowing that we were going to be represented by husband-and-wife lawyers who would look out for our interests so that we would not lose our home," although she had not testified to this statement during her deposition.

A-1288-22

BELOW, WHICH GAVE RISE TO MATERIAL FACTS IN DISPUTE.

We disagree and affirm.

## II.

An appellate court's review of a trial court's order granting summary judgment is reviewed under the same standard employed by the motion judge. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). The question is whether the evidence, when viewed in a light most favorable to the non-moving party, raises genuinely disputed issues of fact sufficient to warrant resolution by the trier of fact, or whether the evidence is so one-sided that one party must prevail as a matter of law. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Summary judgment is proper if the record demonstrates "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law." Burnett v. Gloucester Cty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 228 (App. Div. 2009) (quoting R. 4:46-2(c)). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require

submission of the issue to the trier of fact." R. 4:46-2(c). This standard permits the court to consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Brill, 142 N.J. at 533, 536 (citation omitted).

Summary judgment should only be denied upon a showing by the non-moving party that some evidence creates a genuine issue as to any material fact challenged. Ibid. The fact at issue must be material to the case and cannot be "of an insubstantial nature, [or] a mere scintilla, 'fanciful, frivolous, gauzy or merely suspicious.'" Id. at 529 (citation omitted).

Here, plaintiffs sought relief from defendant under the theory that she was a partner in the firm and therefore responsible for its obligations. A partnership can be established in fact, arising out of contract or implied through the parties' conduct. See Kozlowski v. Kozlowski, 164 N.J. Super. 162, 171 (Ch. Div. 1978). It can also be established by estoppel, where a third party has relied on representations of partnership, whether or not such a partnership existed. Ibid.

N.J.S.A. 42:1A-20(a) imposes liability on a purported partner only when an individual "relies upon the purported partnership" or "upon the representation" of the purported partnership in entering the transaction with the partnership. Estate of Barbuto, 462 N.J. Super. at 589-90.

N.J.S.A. 42:1A-20(a) provides:

> If a person, by words or conduct, purports to be a partner, or consents to being represented by another as a partner, in a partnership or with one or more persons not partners, the purported partner is liable to a person to whom the representation is made, if that person, relying on the representation, enters into a transaction with the actual or purported partnership. If the representation, either by the purported partner or by a person with the purported partner's consent, is made in a public manner, the purported partner is liable to a person who relies upon the purported partnership even if the purported partner is not aware of being held out as a partner to the claimant. If partnership liability results, the purported partner is liable with respect to that liability as if the purported partner were a partner. If no partnership liability results, the purported partner is liable with respect to that liability jointly and severally with any other person consenting to the representation.

To prevail under this theory, plaintiffs are required to show: (1) defendant held herself out to be a partner of Beran & Beran; or (2) defendant consented to Barry's representation that she was a partner of Beran & Beran; and (3) plaintiffs relied on the representation in retaining Beran & Beran. We agree with the trial court's finding, while viewing the evidence in the light most favorable to plaintiffs, they failed to raise genuinely disputed issues of fact and therefore defendant was entitled to summary judgment.

A-1288-22

As the trial court found, defendant did not hold herself out to be a partner of Beran & Beran. Plaintiffs never met defendant or spoke with her during their retention of Barry and Beran & Beran. No documents reviewed by plaintiffs had defendant's name. Other than the signs on the street and door, which listed Beran & Beran, there was no evidence that defendant represented herself to be a partner to the plaintiffs.

Likewise, there was no evidence defendant consented to a representation that she was a partner at Beran & Beran. Deborah asked Barry if his wife was a partner of Beran & Beran, to which he responded yes. However, she also testified Barry did not specifically say defendant worked at the firm and she did not ask any other questions regarding defendant's position there. The record is devoid of any evidence showing defendant was aware of or consented to Barry's statement she was a partner at the firm.

And even if defendant's consent can be inferred from the public signage, plaintiffs failed to present sufficient evidence establishing they relied on that representation in their retention of the firm. Deborah testified they hired Beran & Beran after looking through the phone book for bankruptcy lawyers and realizing the office was in proximity to their home. She did not research defendant nor did she ever meet her. To the extent plaintiff belatedly certified

10

she was relying on a "husband-and-wife" team to represent her, we agree with the trial judge that this assertion falls short of establishing reliance because plaintiff did not believe defendant would be working on their case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11